**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1999**

_____

T COAL COMPANY; SECURITY INSURANCE COMPANY OF HARTFORD,

       Petitioners,

       v.

DANIEL L. COOK; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

       Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (20-0386-BLA)

_____

Submitted:  May 30, 2023                         Decided:  June 22, 2023

_____

Before WYNN and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF**:  James M. Poerio, POERIO & WALTER, INC., Pittsburgh, Pennsylvania, for Petitioners.  Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

T Coal Company and its carrier, Security Insurance Company of Hartford (collectively "T Coal"), petition this Court for review of the Benefits Review Board's ("BRB") decision and order affirming the Administrative Law Judge's ("ALJ") decision and order granting Daniel L. Cook benefits under the Black Lung Benefit Acts, 30 U.S.C. §§ 901-944 (the "Act").  T Coal argues that the ALJ did not adequately consider all relevant evidence and that the ALJ's decision to credit the opinion of Dr. J. Randolph Forehand over the opinion of Dr. Gregory J. Fino was neither supported by substantial evidence nor adequately explained.  We deny the petition for review.

In evaluating an ALJ's decision that has been affirmed by the BRB, "[w]e review the BRB's decision for errors of law and to ensure the BRB's decision adhered to its statutory standard of review." *Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 1193 (4th Cir. 1995).  Our review is limited to considering "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *Westmoreland Coal Co. v. Stallard*, 876 F.3d 663, 668 (4th Cir. 2017) (internal quotation marks omitted).  We review the legal conclusions of the BRB and the ALJ de novo. *Edd Potter Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 39 F.4th 202, 206 (4th Cir. 2022).

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted).  "To determine whether this standard has been met, we consider whether all of the relevant

2

evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted).

To establish entitlement to living miner's benefits under the Act, the miner must prove: "(1) that he has pneumoconiosis, in either its clinical or legal form; (2) that the pneumoconiosis arose out of coal mine employment; (3) that he is totally disabled by a pulmonary or respiratory impairment; and (4) that his pneumoconiosis is a substantially contributing cause of his total disability." *W. Va. CWP Fund v. Bender*, 782 F.3d 129, 133 (4th Cir. 2015) (internal quotation marks omitted); *see* 20 CF.R. §§ 718.204(c)(1), 725.202(d)(2). Under the Act, "pneumoconiosis" is defined as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment," and includes both "clinical" and "legal" pneumoconiosis. 20 C.F.R. § 718.201(a). "'Legal pneumoconiosis' includes any chronic lung disease or impairment and its sequelae arising out of coal mine employment." 20 C.F.R. § 718.201(a)(2). "Arising out of coal mine employment" means "significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. § 718.201(b).

We must first consider whether the ALJ examined "all of the *relevant* evidence." *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998) (emphasis added). T Coal asserts that the ALJ did not adequately consider all the evidence about Cook's smoking history and should have determined a precise smoking history. As the ALJ noted, however, Cook was repeatedly inconsistent when discussing how long he smoked and how

3

much he smoked, and the treatment records are broadly consistent with the ALJ's finding. The ALJ's conclusion that it was impossible to precisely determine Cook's smoking history, but that it was up to 45 pack years, was rational, adequately explained, and supported by substantial evidence.

Next, T Coal argues that the ALJ erred in affording weight to Forehand's opinion, asserting that Forehand's opinion is neither reasoned nor well-documented because it was formed with a belief that Cook smoked half a pack of cigarettes a year for 37 years. We conclude that substantial evidence supports the ALJ's reliance on Forehand's opinion and that the ALJ adequately explained why he credited Forehand, notwithstanding Cook's inconsistent reports of his smoking history. The ALJ discussed Forehand's consideration of Cook's lengthy smoking history in conjunction with the extremely dusty conditions of Cook's coal mining employment when crediting Forehand's opinion that both smoking and coal mine dust substantially contributed to Cook's totally disabling respiratory impairment.

Relatedly, T Coal asserts that Fino's opinion is entitled to weight because he was more accurately informed about Cook's smoking history than was Forehand. Again, the ALJ's determinations were supported by substantial evidence. The ALJ permissibly determined that, although Fino had a more accurate understanding of Cook's smoking history, he did not adequately explain why coal mine dust could not have played any role in Cook's respiratory impairment. Because the ALJ's determinations were rational, explained, and supported by substantial evidence, we decline T Coal's invitation to substitute our weighing of the conflicting opinions for that of the ALJ. *See Westmoreland Coal Co. v. Cochran*, 718 F.3d 319, 322 (4th Cir. 2013).

4

Accordingly, we deny T Coal's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*